Rosenhoover *v.* Unemployment Compensation Board of Review.

Argued April 9, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. Fernan,* with him *Cartwright & Fernan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 26, 1973:

Unemployment compensation claimant, Brenda Rosenhoover, an employee of Sylvania Electric Products, Inc., for seven years, became ill at work on March 12, 1970 and reported off work the next day, March 13th, and again on March 16, 1970. Claimant thereafter continued to be absent from work on account of her illness and on March 24, 1970 her name was removed from the company's payroll. Mrs. Rosenhoover was denied benefits by the Referee and, on appeal, by the Unemployment Compensation Board of Review, on the ground that her conduct in failing to report off after being absent for three consecutive days was a violation of the company's rules and constituted "willful misconduct" in connection with her work within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Exec. Sess., P. L. 2897, as amended, 43 P.S. §802(e). We disagree.

The company rule the appellant was found to have violated reads in pertinent part: "When you are absent unexpectedly, we ask that you call the Plant Dispensary as close to your scheduled reporting time as is possible, explaining why and how long you expect to be absent. Any unreported absence of three consecutive workdays will be considered a resignation on your part." The Board apparently interpreted the rule to require an employee absent for a period of more than three days to report off every three days. The employer's supervisor of personnel, however, testified at the hearing before the referee as follows: "If they are absent one time, it is one absence. If they have two days or three days absence in a row, it is considered one absence, and they are counted in this fashion. If they are absent six weeks in a row it is counted as just one absence." Hence, any absence of three or more consecutive workdays is one absence for which the employee is required to report off but once. This the claimant did. In fact, she reported off one more time than required by the company's own interpretation of its rule.

### ORDER

Now this 26th day of April, 1973, the Order of the Unemployment Compensation Board of Review is reversed and the record is remanded to the Board for disposition consistent with this opinion.