Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Deeville Blouse, Appellant. Anna Bear, Intervening Appellee.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Daniel E. Cohen,* with him *Norman Seidel,* and *Seidel and Cohen,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, for appellee.

*Elliot A. Strokoff,* with him *Handler, Gerber & Weinstock,* for intervening appellee.

OPINION BY JUDGE CRUMLISH, JR., January 22, 1976:

The question for our determination in this unemployment compensation appeal of Deeville Blouse, employer (Appellant), is whether Anna Bear (Claimant) was properly awarded benefits by the Unemployment Compensation Board of Review (Board) which reversed a referee's denial of benefits upon a finding of wilful misconduct under Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1] We hold that Claimant is entitled to benefits and affirm the Board.

Simply stated, we are here dealing with a situation in which Claimant exhibited excessive absenteeism, primarily on Fridays and Mondays, from her position of sewing machine operator. The bases of the Board's reversal of the referee's disallowance of benefits were the Board's independent findings of fact that (1) "during the period of employment, due to illness, claimant was absent on many occasions" and (2) "claimant properly reported her

---

1. Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

absences to the employer." These findings are in direct conflict with the referee's findings.

Reviewing the record for a capricious disregard of competent evidence, as we must, see *Walsh v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 155, 329 A.2d 523 (1974, we conclude that at least, as to the finding of illness causing the absences, there was no deliberate disregard of competent evidence. That the Board and the referee arrived at directly opposite findings of fact based on the same testimony bespeaks the credibility problem presented by this record. It is extremely difficult to distinguish whether the absences which occurred on Fridays and Mondays were indeed attributable to illness or were, in reality, mere attempts to extend Claimant's week-ends. Although the record is inconclusive on this issue, we must sustain the Board's finding as we are unable to find a deliberate disregard of relevant evidence. There is credible evidence of illness which the Board found caused the absences. As such, we reject Appellant's argument on this point for we are in no position to re-try issues of credibility.

It is now well settled that although absences due to illness will not constitute wilful misconduct, repeated absences due to illness, *in the face of warnings by the employer may constitute wilful misconduct if the employee fails to give requisite notice. See Peluso v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 250, 315 A.2d 340 (1974)); *Quinn Unemployment Compensation Case*, 197 Pa. Superior Ct. 346, 178 A.2d 797 (1962); *Flynn Unemployment Compensation Case*, 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953). *See also Donnelly Unemployment Compensation Case*, 182 Pa. Superior Ct. 23, 124 A.2d 386 (1956). That Claimant had been counseled and warned with respect to the absences by both her union and employer is not in dispute. Therefore, we must examine the sufficiency of the notice given.

In deciding this issue, we are again constrained to say that the record before us is far from clear. At the outset, however, we can say that the question of whether notice was given at all is one of fact, while the sufficiency of that notice is one of law. All parties agree that at various times Claimant did give notice of her absences to her employer by informing a girl with whom she rode to work, a foreman, a night watchman, and other fellow workers. The legal adequacy of these kinds of notice must be established by looking to the company's policy with regard to reporting absences. Unfortunately, the testimony of Mr. Leuthe, the company president, is all too equivocal to know exactly what procedure Claimant should have followed. Claimant's testimony is far less equivocal on this point and indicates that she followed procedures in effect and commonly understood in the company.

Because she observed a regular reporting practice in the absence of clear, definable methods prescribed by the company, the Board's result is sound.

### ORDER

AND NOW, this 22nd day of January, 1976, the Order of the Unemployment Compensation Board of Review is affirmed.