Welded Tube Company of America, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Lawrence Jetter, Intervenor.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DiSALLE, sitting as a panel of three.

*Jeffrey Ivan Pasek,* with him *Cohen, Shapiro, Polisher, Shiekman & Cohen,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

*Andrew F. Erba,* for intervenor.

OPINION BY JUDGE MENCER, June 6, 1979:

Welded Tube Company of America (Welded Tube) has appealed an order of the Unemployment Compensation Board of Review (Board) granting benefits to Lawrence Jetter (claimant). We affirm.

On the evening of March 9, 1977, claimant injured his back while taking a shower. The next day, claimant, instead of reporting to work as scheduled, sought and received medical attention for his injury. It is undisputed that, on March 10, 1977, because of the pain and medication, claimant failed to notify Welded Tube

of his absence. Claimant, however, testified that, on March 11, 1977, his wife called Welded Tube, informed them of her husband's accident, and requested that Welded Tube forward the appropriate insurance forms to her husband. Because of the severity of claimant's injury, he did not report to work until April 19, 1977. Although claimant had a doctor's excuse for his extended absence, claimant was refused admittance to the plant.

The Bureau of Employment Security denied claimant's application for benefits on the basis that claimant's absenteeism without proper notice constituted willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Upon claimant's appeal, the referee, finding that claimant had given proper notice of his absence to Welded Tube, reversed the Bureau and was affirmed by the Board. Welded Tube's appeal to this Court followed.

Welded Tube argues that an employer's requirement of a reliable work force dictates that, when an employee with a record of excessive but excused absences has been warned concerning such absences and yet continues to be absent from work, even for good cause, his actions amount to willful misconduct under Section 402(e) of the Act.[1] It has long been settled,

---

[1] Welded Tube presented documentary evidence in support of its contentions that claimant had been excessively absent, in some instances without good cause, including a copy of a warning given to claimant. Claimant's counsel objected to these documents as hearsay. Since there was no showing that the documents qualified as business records, under our holding in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), they are not competent evidence which would support a finding of the Board. Claimant's own testimony, however, does indicate that he had an unusually high number of absences, albeit due to sickness or injury.

however, that absenteeism by itself does not constitute willful misconduct. *See Williams v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977); *Unemployment Compensation Board of Review v. Blouse,* 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). An employer may be justified in discharging an employee for excessive absenteeism; however, unless the absences are unjustified or not properly reported according to the employer's rules, the employee's absenteeism does not amount to a disregard of the standards of behavior an employer has the right to expect of an employee. *See Beaverson v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 125, 382 A.2d 1277 (1978); *Blouse, supra; Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, 98 A.2d 490. (1953).

Welded Tube next contends that the Board erred in finding that claimant had given notice according to its rules and asserts that any notice given was insufficient. Both Edward Levin, the employer's representative, and claimant testified that Welded Tube required notice of an employee's absence only if he was to be absent more than three days. Thus, an employee could be absent up to three days without giving notice to Welded Tube and not violate his employer's rule. Conflicting testimony was presented on claimant's compliance with this rule. Claimant and his wife testified that she called Welded Tube on March 11, 1977, two days after the accident and gave notice of claimant's injury. Levin testified that claimant's wife called on March 14, 1977 and simply requested company insurance forms, without indicating that claimant had been injured. Since claimant had been recently absent from work with a work-related back injury, Levin interpreted this request as relating to the past injury. He further testified that it was not until March 16, 1977

that claimant's wife called Welded Tube and reported claimant's accident. The Board, as the ultimate fact-finder, *Gardner v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 548, 372 A.2d 38 (1977), resolved this conflict in favor of claimant,[2] and, absent a capricious disregard of the evidence, which we do not find, we must sustain the findings of the Board. *See Blouse, supra.*

With regard to the sufficiency of claimant's notice, Welded Tube argues that, if the Board was correct concerning the date claimant's wife called, the notice given was insufficient because she failed to provide adequate information as to the nature of claimant's injury or the expected duration of his absence. Welded Tube, however, presented no evidence that such information was required under its absenteeism policy and therefore the Board did not err in finding claimant's notice to Welded Tube was sufficient. *See Blouse, supra. Cf. Balaschak v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 313, 395 A.2d 638 (1978) (for a finding of willful misconduct, it is incumbent upon the employer, as the party with the burden of proof, to produce evidence to establish an infraction of his rules).

Welded Tube also argues that, even if claimant's notice on March 11, 1977 was in all respects proper, claimant's alleged history of unexcused absences, coupled with several warnings, justifies a finding of willful misconduct. Claimant testified, however, that

---

[2] In making its finding, the Board, apparently as the result of a typographical error, erroneously found that claimant's wife called Welded Tube on *March 6, 1977,* three days before claimant was injured. It is apparent, however, that the Board intended March 11, 1977 as the date of notice, for the essence of its finding was that claimant had complied with Welded Tube's notice requirement and March 11, 1977 was the only date testified to that would support such a finding.

236

his past absences were excused, and the Board specifically found that claimant had properly reported all his past absences. Although Welded Tube presented conflicting evidence, *see* note 1, *supra,* we cannot find, particularly in light of the hearsay nature of the majority of Welded Tube's evidence, that the Board capriciously disregarded competent evidence in reaching its conclusion.

Finally, Welded Tube contends the Board erred in finding claimant had not received notice of his discharge while he was absent due to the accident. Since claimant himself acknowledged that he had been notified by at least March 30, 1977, the Board's finding to the contrary was clearly in error. We fail to see, however, how this alters the Board's decision. Thus we enter the following

ORDER

AND Now, this 6th day of June, 1979, the order of the Unemployment Compensation Board of Review, dated March 30, 1978, granting Lawrence Jetter unemployment compensation benefits, is hereby affirmed.