Kama Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Robert J. Rayno, Respondents.

Argued September 12, 1980, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Terrence J. Herron,* with him *Martin D. Cohn* and *Lawrence B. Cohn,* of *Laputka, Bayless, Ecker & Cohn,* P.C., for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondents.

OPINION BY JUDGE WILKINSON, JR., October 14, 1980:

Petitioner (claimant), an employee of Kama Corporation (employer), was absent and properly reported off due to illness on February 5 and 6, 1979. On February 7, 1979 employer terminated claimant on the basis of excessive absences.

Claimant's application for benefits was disapproved by the Bureau of Employment Security and that disapproval affirmed by a referee, following a hearing, based on the "willful misconduct" provision of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Claimant appealed to the Unemployment Compensation Board of Review (Board), which reversed the decision of the referee and granted benefits to claimant. The employer's appeal from the decision of the Board is now before us.

The employer first asserts that the Board made findings of fact not supported by substantial evidence. The Board found:

2. The claimant was absent February 5 and 6, 1979, due to illness.

3. The claimant properly reported off for February 5 and 6, 1979.

4. The claimant was discharged February 7, 1979 because of his absences.

The Board's findings were supported by claimant's testimony that he called in early on each of the two days of absence, that he offered to get a doctor's certificate, and that on February 7, 1979 he was terminated based on those absences. While the facts of the case are in dispute, we are bound by the findings of the Board where, as here, the findings are supported by substantial evidence and absent fraud.

It was the employer's position at the hearing that excessive absenteeism, with or without properly reported medical excuses, not only justified dismissal but also will disqualify the employee from receiving unemployment compensation benefits on the basis of willful misconduct. The employer's representative testified:

It is the opinion of the company or the position of the company, that Rayno simply disqualified—or whatever the language may be—for his employment status with the company and is not eligible for unemployment compensation benefits by reason of his poor attendance record.

In answer to another question:

He was notified several times that his absences —the illnesses reported were legitimate or were not legitimate. Whether his absences were true or not true. It's the frequency of his absences was establishing an abundant—a lack of employment dependability which made it impossible for the company to retain him in its employ. (Sic.)

Such is not the law. If claimant properly reported absences caused by illness, the same would not constitute willful misconduct. *Rosenhoover v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 455, 303 A.2d 578 (1973).

The instant case is quite similar to *Unemployment Compensation Board of Review v. Blouse*, 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). In that case an employer appealed the Board's reversal of a referee's decision denying benefits to a worker terminated for absenteeism. The Court found itself bound by the Board's determination of the valid causes of the absence in question and the propriety of notices of absence to the employer. Based on the instant record we are also bound by the Board's proper factual determination.

Accordingly, we will enter the following

ORDER

AND Now, October 14, 1980, the order of the Unemployment Compensation Board of Review, Docketed to No. B-173626, dated June 29, 1979, granting benefits to Robert J. Rayno is hereby affirmed.