Diane J. Pauline, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*David F. Megnin,* for petitioner.

*Elsa Newman-Silverstine,* Assistant Attorney General, with her *William J. Kennedy,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE ROGERS, December 11, 1980:

Diane J. Pauline has filed a Petition for Review of an order of the Unemployment Compensation Board of Review denying her benefits on account of willful misconduct[1] assertedly consisting of excessive absenteeism and failing to furnish a doctor's excuse.

Unquestionably Ms. Pauline had a poor attendance record and this led to her being suspended for three days on June 2, 1978. The Board found that at this time Ms. Pauline was "directed to produce the certification of a physician in the event of future absences"; that she was absent on October 21 and October 22, 1978 "complaining of stomach pains", and November 1, 1978 "suffering from an earache" and did not produce a doctor's certification; and that she was discharged on November 1, 1978 "for excessive absenteeism and failure to furnish a doctor's excuse for October 21, October 22 and November 1, 1978."

Absenteeism may justify the discharge of an employee but standing alone it is not willful misconduct

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

rendering the employee ineligible for unemployment compensation. Only if absences are unjustified, or not properly reported according to the employer's rules or directives are they disqualifying. *Welded Tube Company of America v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 231, 401 A.2d 1383 (1979). The record shows that Ms. Pauline's absences after the suspension in June 1978 were the result of an injury in September 1978, vomiting while at work on October 21, 1978 which continued while she was at home the following day. She claimed to be ill on November 1, 1978 and she produced a doctor's note to this effect dated November 1, 1978 at the referee's hearing. Since, therefore, Ms. Pauline's relevant absences (which may indeed have justified her discharge) were not without cause, the Board's conclusion that she was guilty of disqualifying absenteeism is without support in the record.

There remains the question of whether Ms. Pauline violated an employer's directive that she produce a doctor's certification or excuse for the absences of October 21, 1978, October 22, 1978 and November 1, 1978. It is not clear that there was such a directive and certainly no sufficient showing that any such requirement was communicated to Ms. Pauline. Coincident with her June 1978 suspension, Ms. Pauline's superior in the dietary department sent her a long letter detailing her history of absenteeism, complaining of the claimant's failure to keep the employer informed of her condition of health, notifying her of the suspension and warning that she would be discharged if she had more "unjustified absenteeism". No requirement that Ms. Pauline produce doctor's certification for future illness causing absence appears in the letter.

The Board says that the fact that there was a requirement of a doctor's certification was demonstrated

at two places in the record of the referee's hearing, as follows:

(1) The employment consultant who represented the employer at the hearing examined Ms. Pauline's superior in the dietary department as follows:

Q. Did she produce a doctor's excuse *as directed* for absenteeisms? All absenteeisms.

A. All absenteeisms, no.

The emphasized phrase, assuming that it suggests that Ms. Pauline was directed to produce excuses, was not testimony and of course not evidence.

. (2) The employer's director of personnel relations, who came to work for the employer after these events testified unresponsively to a question asked by Ms. Pauline's counsel that "There was a provision made in this particular case that if Diane produced the necessary medical evidence from the physician that they would be excused absences." The nature of the "provision made" for excusing Ms. Pauline's absences if she produced a doctor's certificate is not described. More importantly, neither this statement nor anything else in the record shows what the Board found—that Ms. Pauline was "directed to produce the certification of a physician in the event of future absences."

Having concluded that there is no evidence supporting the finding that the claimant violated a directive of her employer and having, as we have earlier pointed out, found no evidence that the claimant was guilty of disqualifying absenteeism, we reverse the Board's order and remand for the computation of benefits.

### ORDER

AND Now, this 11th day of December, 1980, the order of the Unemployment Compensation Board of Review is reversed and remanded for the computation of benefits.