Paul J. Bogan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 7, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Stephen C. Sholder,* Legal Intern, with him *Jose A. Gomez,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, July 16, 1982:

This is the appeal of Paul J. Bogan from the denial of his claim for unemployment compensation benefits by the Bureau of Employment Security, an unemployment compensation referee, and the Unemployment Compensation Board of Review on the ground that his discharge from twenty-eight years of employment with PPG Industries was the result of his disqualifying willful misconduct within the meaning of Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1]

Mr. Bogan was notified of his discharge by letter dated June 2, 1980, in which the reason for this action was described as ''excessive absenteeism'' and the particular infraction of the employer's rules and directives relied on by the employer is recounted as follows:

> By a certified letter on May 20, 1980, you were requested to provide documentation from a doctor stating in detail the medical necessity for your absence from work since April 23, 1980. You were informed that failure to submit this documentation within two days of your receipt of the letter would result in your termination. A return receipt signed by you shows that you received the letter on May 21, 1980.
>
> No action was taken against you after the expiration of the two day deadline because I was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended,* 43 P.S. §802(e).

informed that your doctor would be submitting a statement the week of May 26, 1980. However, no statement has been received.

The factual findings of the Board related to this charge are as follows:

10. The employer sent a letter to the claimant on May 12, 1980 requesting that he provide a statement from the doctor to substantiate this absence from April 23, 1980 to the present date.

11. On May 16, 1980 the claimant presented a letter from his physician to the employer which indicated the claimant had been examined on April 1 and April 23, 1980 for recurrent thoracic back pain.

12. On May 20, 1980 the employer sent a letter to the claimant requesting that he have the doctor submit a new certification since the original certification did not provide any information which would justify the claimant's continued absence from April 23, 1980 through May 30, 1980.

13. On May 23, 1980 the employer called the doctor's office and was informed that the doctor would present the requested statement within the week.

14. The doctor did not comply with this request.

15. On June 2, 1980 the claimant was sent a termination letter, informing him that he was terminated as of June 2, 1980 for excessive absenteeism and his failure to substantiate same.

At the referee's hearing it was established that the claimant's treating physician, Dr. Thomas Worrall, M.D., by letter dated August 18, 1980, informed PPG that the claimant was indeed on account of his

degeneration, "unable to work from April 23, 1980 until June, 1980" a fact which, according to the physician's letter, had been previously communicated to PPG by telephone. Therefore, the evidence of record supports no conclusion other than that the reason for the claimant's discharge was his absence now shown to have been justified by his back condition.

In a factually similar case we had recent occasion to state the applicable legal principle:

> Absenteeism may justify the discharge of an employee but standing alone it is not willful misconduct rendering the employee ineligible for unemployment compensation. Only if absences are unjustified, or not properly reported according to the employer's rules or directives are they disqualifying. Welded Tube Company of America v. Unemployment Compensation Board of Review, 43 Pa. Cmwlth. 231, 401 A.2d 1383 (1979).

Pauline v. Unemployment Compensation Board of Review, 55 Pa. Commonwealth Ct. 267, 268-269, 423 A.2d 55, 56 (1980). In Pauline as in the instant case, it was established by a physician's certificate introduced as an exhibit at the referee's hearing that an absence thought by the employer to be unjustified at the time of the claimant's discharge was, in fact, medically excused. We there held that in the light of this evidence as well as the absence from the record of support for the Board's finding that Ms. Pauline had violated an employer directive concerning the submission of a doctor's certificate, we were required to reverse the Board's denial of benefits.

Similar considerations govern this case. Mr. Bogan was requested on May 12, 1980 by his employer to submit with reference to his period of absence beginning on April 23, 1980, "a statement from

a doctor which documents your illness and treatment in order to return to work.'' Such a statement was subsequently submitted by Mr. Bogan. By letter dated May 20, 1980, Evelyn N. Doxey of PPG's Personnel Department requested additional documentation on account of her dissatisfaction with the specificity of the doctor's previous submission. Thereafter, both Mr. Bogan and Ms. Doxey contacted Dr. Worrall and were told that a more detailed document would be forthcoming. As we have indicated, Mr. Bogan was discharged less than two weeks later and the physician's second attempt to satisfy was delayed several months.

Under these circumstances we cannot say that Mr. Bogan's absences were unjustified or that his conduct with regard to PPG's directive to submit medical documentation of his absence was willful misconduct within the meaning of the Unemployment Compensation Law. We have held that disqualifying misconduct requires a willful disregard of the employer's interests, a deliberate violation of an employer rule, a disregard of the standards of behavior which an employer can rightfully expect from his employees or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard of an employer's interest or an employee's duties and obligation. *Perry v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 646, 410 A.2d 398 (1980). None of these elements are present here.

Order reversed; the record is remanded for computation of benefits.

### Order

And Now, this 16th day of July, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the record is remanded for the computation of benefits.