Gettig Engineering, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1984 to Judges MACPHAIL, DOYLE and BLATT, sitting as a panel of three.

*John W. Blasko, McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc.,* for petitioner.

*James N. Bryant, Bryant & Farber,* for claimant, Sara Mae Musser.

OPINION BY JUDGE MACPHAIL, April 9, 1984:

Gettig Engineering (Employer) has appealed from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision granting benefits to Sara Mae Musser (Claimant). We affirm in part, vacate in part and remand for further proceedings.

Claimant was employed for sixteen years as a machine operator by Employer when, on October 18, 1982, she was discharged for excessive absenteeism. The referee's findings, which were adopted in full by the Board, reflect that Claimant was absent from work after September 16, 1982 due to an allergic reaction she experienced to epoxy fumes which were present at her work site. At the time of her discharge, Claimant was still under her physician's care and had not been released to return to work.

Claimant did not apply for unemployment compensation benefits until February 13, 1983. Shortly thereafter, on February 17, Employer offered Claimant a job to begin on February 21, 1983. Claimant refused the offer due to her concern that she would again be exposed to epoxy and because she doubted the sin-

cerity of Employer's offer in light of her prior discharge.

The referee, following a hearing, concluded that Employer had not met its burden of proving willful misconduct,[1] that Claimant had good cause for her refusal of the proffered employment in February, 1983,[2] and that she remains able and available for suitable work as long as it does not involve exposure to epoxy.[3] The Board affirmed on the basis of the referee's decision.

On appeal to this Court, Employer first argues that Claimant was guilty of willful misconduct justifying her discharge. Although Employer acknowledges that Claimant properly reported her absences on a daily basis until her discharge on October 18, 1982, Employer contends that Claimant failed to provide adequate medical certification of her illness. Testimony for the Employer establishes, however, that Employer had been notified by Claimant's physician *prior to her discharge* that Claimant's absence resulted from her allergy to the epoxy fumes in Employer's plant. Despite this medical documentation, Claimant was nevertheless discharged. We must agree with the unemployment compensation authorities that Employer failed to meet its burden of proving willful misconduct. It is only when absences are unjustified or not properly reported in accord with an employer's rules, that they can rise to the level of willful misconduct. *Bogan v. Unemployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 462,

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[2] Section 402(a) of the Law, 43 P.S. §802(a).

[3] Section 401(d)(1) of the Law, 43 P.S. §801(d)(1).

447 A.2d 708 (1982); *Robinson v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 226, 429 A.2d 774 (1981).

The Employer next argues that Claimant is ineligible for benefits under Section 402(a) of the Law because she refused an offer of suitable employment from Employer in February, 1983. The referee and Board found that Claimant had good cause for her refusal in that she received no assurance that she would not be exposed to epoxy in the new position, that she distrusted Employer following an incident involving her foreman[4] and that she doubted the sincerity of the offer in light of her prior discharge. The referee and Board also noted that the Employer's offer was not made until Claimant had already applied for unemployment compensation benefits, thus diminishing the apparent sincerity of the offer.

In resolving the issue of whether Claimant had good cause to refuse work, the Claimant must prove that she acted reasonably and in good faith and that she had substantial reasons for refusing the employment. Moreover, the party who prevailed below, here the Claimant, is entitled to any favorable inferences which can logically and reasonably be drawn from the evidence. *See Rood v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 584, 413 A.2d 460 (1980). The issues of job suitability and good cause are ones of law and subject to our review. *Smith v. Unemployment Compensation Board of Re-*

---

[4] Claimant's foreman apparently secreted two small containers of epoxy resin in Claimant's immediate work area during two weeks in August, 1982 in an effort to demonstrate that workers, who had been complaining of an odor from the epoxy, could not, in fact, smell the substance. There is no record evidence to indicate whether Claimant's exposure to the epoxy resin directly resulted in the illness which led to her discharge.

*view,* 57 Pa. Commonwealth Ct. 173, 425 A.2d 1198 (1981). After a thorough review of the record, we must agree that the factors cited by the referee and Board support the conclusion that Claimant has established good cause for her refusal of the employment offer.

Employer's final argument is that Claimant is not able and available for suitable work as required by Section 401(d)(1) of the Law. Employer contends that Claimant has rendered herself unavailable by her desire to care for her invalid husband at home. Claimant testified that she would accept employment if it did not involve exposure to epoxy and if it was not "too far" from her home so that she could check in on her husband. In addition, Claimant's responses to the following questions are pertinent to the availability issue:

Q. Do you consider yourself available for employment in the sense of being able to leave your husband at home to go out and take a job?

A. Well, if it's necessary. If it really comes down to it I would have to but at this time I feel my place is there now.

Q. You feel your place is at home with your husband?

A. That's right.

The issue of whether a person is available for work as required by Section 401(d)(1) is generally a question of fact for the Board, unless the restrictions on job availability are so untenable and illustrative of a lack of good faith as to be disqualifying as a matter of law. *Craig v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 305, 442 A.2d 400 (1982). The essential question is whether the Claimant's limitation on her availability has effectively re-

moved her from the local labor market. *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa Commonwealth Ct. 285, 378 A.2d 1308 (1977).

The referee and Board in the instant case found that Claimant is able and available for work except where epoxy is present. No findings were made, however, regarding Claimant's limitation on the distance she would travel to work or her desire to stay at home with her husband. Since we consider such findings to be crucial to the issue of Claimant's availability for work, we will vacate the Board's decision regarding Section 401(d)(1) of the Law and remand for further proceedings.

## ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-218693, dated June 7, 1983, is affirmed in part, vacated in part and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.