**Kathy L. BROWN, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 28, 2004.

Decided July 13, 2004.

---

Thomas K. Hooper, Duncansville, for petitioner.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and COHN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Kathy L. Brown (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which reversed the decision of a referee and denied Claimant benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e) on the basis of her willful misconduct. We reverse.

Claimant worked for News Printing Company (Employer) from December 15, 1993 until August 25, 2003, when Employer terminated Claimant for not having properly reported off work on August 22, 2003. Claimant applied for benefits which were denied by the job center. Claimant appealed to the referee, who conducted a hearing. At the referee's hearing, Claimant testified along with Employer's representative, Sherri Steward. The referee granted Claimant benefits concluding that although Claimant did not report to work on August 21, 2003 through August 23,

2003, she had provided a physician's certificate which excused her from work for those days. The referee determined that Claimant had a good cause for her absence and that such absence was properly reported and he therefore granted her benefits.

On appeal, the Board made the following relevant findings:

2. On August 21, 2003, the claimant left work to go to the emergency room after complaining of hand and arm pain.

3. On August 22, 2003, the claimant had a follow-up appointment for her hand and arm pain at Nason Occupational Health.

4. The claimant alleged her physician instructed her to ice her hand and not report to work for three days.

5. The claimant did not report to work on August 22, 2003 and did not call the employer to report off.

6. The employer has a policy, which states employees are required to report off before a scheduled shift.

7. The claimant was or should have been aware of the employer's policy.

8. On August 23, 2003, the claimant was discharged because she failed to report off in violation of the employer's policy.

(Board's decision at p. 1–2.)

■ The Board determined that Claimant engaged in willful misconduct. Specifically, the Board concluded that contrary to Employer's policy, Claimant failed to report her absence. The Board went on to state that although Claimant alleged that her physician instructed her to take off work for three days, "the employer credibly testified that the claimant never notified it of such." (Board's decision at p. 2.) Accordingly, the Board reversed the referee's decision granting benefits. This appeal followed.[1]

■ Initially, Claimant argues that the Board's finding No. 5 that Claimant did not report off from work on August 22, 2003 is not supported by substantial evidence. We agree. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Popoleo v. Unemployment Compensation Board of Review*, 777 A.2d 1252 (Pa.Cmwlth.2001).

■ In this case, Claimant testified that while at work in the early hours of August 21, 2003 her hand and wrist began to swell and she was instructed by her supervisor to report to the hospital's emergency room. At approximately 3:00 a.m., Claimant returned to Employer's facility and presented her supervisor with a doctor's note. The note stated that Claimant was not to work on August 21, 22 and 23.

Although the Board determined that Employer was never informed of the doctor's note, Employer's witness acknowledged that Employer was in fact aware of the note. The following exchange between Claimant and Employer's witness occurred:

C I had doctor's orders. Did you get the doctor's orders for me to be off work, no use of my hand at all ...

EW It ...

C From the emergency room?

EW Yes, as we discussed, Kathy. I can elaborate on this issue ... As you know you were referred to the emergency

---

1. Our review is limited to determining whether constitutional rights have been violated, an error of law committed, or whether the necessary findings are of fact are supported by substantial evidence. *Primecare Medical, Inc., v, Unemployment Compensation Board of Review*, 760 A.2d 483 (Pa.Cmwlth.2000).

room and given directive under that particular doctor. . . .

(Record at p. 4, 5) Contrary to the Board's determination, Employer did not deny receiving the doctor's note but in fact acknowledged that Claimant had seen an emergency room physician who had issued her a directive.

Despite the existence of the doctor's note, Board nonetheless maintains that Claimant was still required to report her absence on August 22, 2003 because a nurse practitioner, seen by Claimant that same day had instructed her to report to work. Specifically, Claimant was told to report to Employer's occupational health nurse practitioner on August 22, 2003. Claimant did so and was instructed by the nurse practitioner to return to work that day. Claimant, however, told the nurse practitioner, as acknowledged by Employer's witness, that she was going to follow the instructions of the emergency room doctor. (Record at p. 5.)

▆ Documents introduced by Employer indicate that if Claimant was ill and unable to report to work she was required to provide a written doctor's excuse and was also required to notify her supervisor of her illness prior to her scheduled time to work. Here, Claimant followed Employer's policy. Specifically, she provided Employer with the note from the doctor who excused her from work August 21 through August 23 and in addition she orally informed Employer that she would be following the doctor's instructions. As such, Claimant properly reported her absence. Because illness, properly reported to the employer does not constitute willful misconduct, *Kama Corp. v. Unemployment Compensation Bd. of Review*, 54 Pa. Cmwlth. 243, 420 A.2d 1140 (1980), and Claimant properly reported her absence, we conclude that Claimant did not engage in willful misconduct.

In accordance with the above, the decision of the Board is reversed.

### ORDER

Now, July 13, 2004, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.