# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael McGinnis,                          :
                    Petitioner             :
                                           :
          v.                               :     No. 155 C.D. 2017
                                           :     Submitted:  August 4, 2017
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  September 11, 2017


        Michael McGinnis (Claimant) petitions this Court for review of an Order of
the Unemployment Compensation (UC) Board of Review (Board), affirming the
decision of the Referee, who found he was ineligible for benefits he received and
imposed a fault overpayment in the amount of $5,781.  On appeal, Claimant
challenges only the fault overpayment determination, arguing the evidence is
insufficient to support a finding that he intentionally misrepresented a material fact
in order to obtain benefits.  For the reasons stated herein, we agree and accordingly
reverse.

        In June 2016, Claimant filed a claim for UC benefits.  According to the
Initial Claims Management System – Claims Transcript (Claims Transcript),

Claimant sought UC benefits based on his employment with ABC Transit Inc. (ABC Transit), where he last worked as a school van driver from March 2, 2016, until June 8, 2016, when he was laid off due to lack of work for the summer. ABC Transit is listed as a separating employer on Claimant's Claim Record, and the reason given thereon for Claimant's separation from ABC Transit is lack of work. However, prior to his employment with ABC Transit, Claimant worked for 30 years as a customer service supervisor for the United States Postal Service (Postal Service). The Postal Service is listed in the Claim Record as a separating employer but is not identified in the Claims Transcript. While employed with the Postal Service, Claimant was interviewed by human resources in February 2015, as part of an investigation. Immediately following the interview, Claimant took a leave of absence, and, in December 2015, he applied for retirement from the Postal Service. Claimant's retirement was approved and became effective sometime in early to mid-February 2016.

Claimant was initially determined to be financially eligible for benefits at a weekly benefit amount of $573, and he received benefits for the weeks ending June 18, 2016, through August 27, 2016. Upon notification that it was being charged for Claimant's benefits, the Postal Service wrote the Department of Labor & Industry (Department), challenging Claimant's eligibility on the grounds that he voluntarily quit to retire. On September 16, 2016, the UC Service Center in Erie sent Claimant an Advance Notice, informing him that the benefits he was receiving may be terminated because he voluntarily quit without good cause. The UC Service Center also sent Claimant two questionnaires to complete, which asked for the circumstances of his separation from employment. On the first Claimant Questionnaire, the Postal Service was preprinted on the form and identified as

Claimant's "last employer." (R. Item 6, Serv. Ctr. Ex. 7.) Claimant handwrote ABC Transit and its address next to the preprinted Postal Service information. On the second questionnaire, Claimant was asked whether he agreed with the Postal Service that he had quit and, if so, why he reported the reason for his separation as lack of work. (*Id.*, Serv. Ctr. Ex. 8.) Claimant responded that he did not agree with the Postal Service's stated reason[1] and further indicated that the lack of work was from ABC Transit. During a follow-up oral interview, the UC Service Center asked Claimant whether he considered his separation from the Postal Service as a voluntary quit, to which Claimant responded no. During the oral interview, Claimant was not asked anything about having indicated that he left the Postal Service for lack of work. Approximately a week later, a Notice of Determination was issued, finding Claimant ineligible for benefits under Section 402(b) of the UC Law[2] because Claimant voluntarily quit his employment with the Postal Service. The Department classified the payment of benefits Claimant had received to date as a fault overpayment, finding Claimant failed to give accurate information as to why he stopped working. Claimant appealed the determinations, stating the claim he filed was related to his layoff from ABC Transit, not the Postal Service. He denied indicating that he left the Postal Service for lack of work and urged, as he has throughout these proceeding, the Department to examine the recorded conversation of the call when he opened his claim.[3]

---

[1] Claimant maintained he retired because he was afraid he was going to be fired.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), which provides, in pertinent part, that an employee shall be ineligible for benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

[3] Claimant also disputed the terms of his separation, i.e., whether he voluntarily quit or was terminated, but that issue is not before us on appeal.

A hearing on Claimant's appeal was held on November 1, 2016.[4]  At the hearing before the Referee, Claimant and a witness for the Postal Service testified concerning the circumstances of Claimant's separation from the Postal Service. No one from the Department or UC Service Center testified or participated in the hearing.  However, the Referee did ask why Claimant indicated that he was laid off for lack of work from the Postal Service.  Specifically, the Referee asked:

> Okay.  The question about the overpayment, now when you filed your Unemployment Claim, one of the things they do ask you is who is your separating Employer, the Employer that you separated from that's causing you to file the Claim, and then they ask you a reason for your separation.  It looks like United States Postal Service was reported as one of the separating Employers.  The reason that's indicated in the Claim Record is being given, or what was recorded by the Department was a lack of work, a layoff.  Do you recall the Reason you gave to the Unemployment Office about why you separated from the Postal Service?

(Hr'g Tr. at 13, R. Item 13.)  Claimant responded, "Yeah.  That's not true. . . .  I called in because I was a bus driver and school was out for the summer," referring to his employment with ABC Transit.  (*Id.*)  Claimant continued:

> That's the reason I called to, called in to receive Unemployment.  So the lady or whoever answered the phone for Unemployment asked me who do you work for.  I said ABC Transit.  They said [have] you ever worked for anybody else.  I said yes, Access, that's Northern Area. She said well you work for anybody else.  I said yes, the Post Office. You worked there 30 years.  I said yes.  She said well do you get Social Security.  I said yes, from the Post Office.  And that was the end of the conversation.  Now mind you, I was calling in for the bus company to receive Unemployment.  I was never calling in for the Post Office to get unemployment.

---

[4] The Notice of Hearing initially was sent by the Department to ABC Transit, instead of the Postal Service.

4

(*Id.*)

Later during the hearing, Claimant again stated that he "never told anybody I was filing for the Post Office" and that he was "filing for ABC [Transit]." (*Id.* at 20, 27.) At that point, the Referee explained to Claimant why the Department "looked back" at employers other than ABC Transit. (*Id.* at 20.) Specifically, the Referee explained:

> What the Service Center would look at to see is if you had -- once they establish that you're financially eligible for the Claim, they then have to look at why you're unemployed. So they review ABC [Transit]. You said that was a lack of work due to the summer vacation. Another thing they have to look at is to see if you earned six times your weekly benefit rate with that Employer. If you did, then the separation with the Postal Service is not something they need to look at because you purged any possible disqualification. But if you did not earn six times your weekly benefit rate, then they need to go back to the next Employer to see what happened there.

(*Id.*)

Based upon the evidence presented at the hearing, the Referee found Claimant had voluntarily retired from the Postal Service, thus making him ineligible for benefits under Section 402(b) of the UC Law. Relevant for purposes of this appeal, the Referee also found:

> 14. The **Claimant** reported the United States Postal Service as one of his separating Employers and **reported his separation reason** to the Department of "lack of work/lay off."
>
> 15. The Claimant was aware that he had voluntarily retired from his employment.

(Referee Decision, Findings of Fact (FOF) ¶¶ 14-15 (emphasis added).) Because Claimant did not earn six times his weekly benefit rate at ABC Transit, he did not

5

purge the disqualification and was also found ineligible for benefits under Section 401(f) of the UC Law, 43 P.S. § 801(f).[5] The Referee further chose not to credit Claimant's explanation that "he did not [report] or did not intentionally report his separation from the [Postal Service] to be lack of work, but that the issue was confused by an Unemployment Compensation Service Center representative while discussing his subsequent employer from whom he was separated due to a temporary lack of work." (Referee's Decision at 5.) As a result, the Referee imposed a fault overpayment under Section 804(a) of the UC Law, 43 P.S. § 874(a).[6] Thereafter, Claimant filed a timely appeal to the Board, arguing, *inter alia*, that he never indicated he was laid off for lack of work from the Postal Service. On January 12, 2017, the Board affirmed the Referee's Decision, adopting and incorporating the Referee's findings of fact and conclusions of law as its own. This appeal followed.[7]

Claimant does not challenge the Board's conclusion that he voluntarily retired and therefore was not eligible for benefits. Nor does Claimant challenge

---

[5] Section 401(f) provides:

[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [h]as earned, subsequent to his separation from work under circumstances which are disqualifying under the provisions of subsections 402(b) . . . , remuneration for services in an amount equal to or in excess of six (6) times his weekly benefit rate in "employment" as defined by this act.

43 P.S. § 801(f).

[6] Section 804(a) provides that a claimant who by reason of his or her own fault receives benefits to which he or she is not entitled is responsible for repaying the amount plus interest. 43 P.S. § 874(a).

[7] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

the Board's conclusion that he did not earn six times his weekly benefit rate at ABC Transit to purge the disqualification or that there was an overpayment. Rather, Claimant limits the issue on appeal to whether the determination of a fault overpayment is supported by substantial evidence.

"Fault" is "more than a voluntary act." *Daniels v. Unemployment Comp. Bd. of Review*, 309 A.2d 738, 741 (Pa. Cmwlth. 1973). Rather, it connotes "an act to which blame, censure, impropriety, shortcoming or culpability attaches." *Chishko v. Unemployment Comp. Bd. of Review*, 934 A.2d 172, 177 (Pa. Cmwlth. 2007). It encompasses knowing recklessness or gross negligence. *Fugh v. Unemployment Comp. Bd. of Review*, 153 A.3d 1169, 1176 (Pa. Cmwlth. 2017). A claimant cannot be held liable for a fault and/or fraud overpayment for mere mistake or confusion. *Id.* at 1177. "To find fault, the Board must make some findings with regard to [the c]laimant's state of mind." *Greenawalt v. Unemployment Comp. Bd. of Review*, 543 A.2d 209, 211 (Pa. Cmwlth. 1988).

The Referee and Board found **Claimant** misrepresented the reason for his separation from the Postal Service when **he reported** he was laid off for lack of work when he knew that he had voluntarily retired from that employment. (FOF ¶¶ 14-15; Referee Decision at 5.) The Board relies exclusively on its finding Claimant's explanation that he "did not intentionally report his separation from the [Postal Service] to be [from a] lack of work" not credible to support its conclusion that Claimant's actions were, in fact, intentional. (Board's Br. at 7-8 (quoting Referee Decision at 5).) It is well-established that the Board is the "ultimate fact-finder" and is empowered to make credibility determinations. *Chester Cmty. Charter Sch. v. Unemployment Comp. Bd. of Review*, 138 A.3d 50, 54 n.3 (Pa. Cmwlth. 2016). Yet, the Board's findings are conclusive on appeal only where

7

they are supported by substantial evidence. *Id.* Substantial evidence is that which a reasonable mind might accept as adequate to support the conclusion reached. *Brown v. Unemployment Comp. Bd. of Review*, 854 A.2d 626, 628 (Pa. Cmwlth. 2004). In determining whether there is substantial evidence, the record must be reviewed as a whole. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky)*, 421 A.2d 1060, 1063 (Pa. 1980).

Here, upon review of the record as a whole, we find there is not substantial evidence to support the finding that **Claimant reported,** intentionally or otherwise, that he was laid off for lack of work from **the Postal Service**, which is necessary to impose a fault overpayment. The only evidence of record that would support the conclusion that the reason Claimant left the Postal Service due to a lack of work is found under the heading "Separating Employers" in the Claim Record. This notation lists the Postal Service as a separating employer and lack of work, signified on the form as code "02," as the reason for the separation. (R. Item 1, Serv. Ctr. Ex. 18.) However, there was **no** testimony or evidence as to how this information was inputted into the Claims Record or to corroborate that it was Claimant who, in fact, reported this information, as the Referee and Board found.

On the other hand, the Claims Transcript, which reflects Claimant's responses to initial questions asked when he made his claim for UC benefits, makes no mention of the Postal Service or his reason for separation from there. According to that document, Claimant identified only **ABC Transit** as his separating employer and lack of work, indicated by the same code "02," as the reason for that separation. (R. Item 1, Serv. Ctr. Ex. 17.) Claimant was further asked whether he had worked as a civilian for the federal government in the last two years, to which Claimant truthfully responded he had, as a supervisor in

8

Pittsburgh, with his last date of work as February 29, 2016. (*Id.*) According to the Claims Transcript, when Claimant opened his claim, he was not asked to identify the federal government employer by name nor was he **asked** to specify a reason for separation from that employer. The Claims Transcript further reveals that, when asked whether Claimant was receiving or would be receiving "a pension . . . from an employer you worked for during the past 18 months," he answered yes. (*Id.*) Given the questions asked and the answers recorded on this document, it, too, does not support the findings that **Claimant reported** that he left the Postal Service due to a lack of work.

Further review of the other evidence in the record reveals no basis for concluding **Claimant** made this representation, let alone that it was knowingly or intentionally misleading. Throughout these proceedings, Claimant has been adamant that he did not report lack of work as a reason for separation from the Postal Service and has repeatedly urged the Department to review the recording of his call to confirm his version of events. In document after document in the record, it is apparent that Claimant considered ABC Transit his separating employer, as evidenced by his handwritten correction to a claimant questionnaire he received that listed the Postal Service as his last employer. (*See* R. Item 6, Serv. Ctr. Ex. 7.) In another claimant questionnaire, when asked why he reported lack of work for his reason for separation from the Postal Service, Claimant responded the lack of work reference was in regards to ABC Transit. Finally, even the Referee at the hearing had to explain, multiple times, why it was necessary to consider the Postal Service as one of Claimant's separating employers.

Because the findings necessary to impose a fault overpayment under Section 804(a) of the UC Law are not supported by substantial evidence, we reverse the

9

Board's Order to the extent it finds fault on the part of Claimant. Benefits paid to Claimant for the weeks following his voluntary retirement from the Postal Service are a nonfault overpayment subject to recoupment under Section 804(b)(1) of the UC Law, 43 P.S. § 874(b)(1).

_____

**RENÉE COHN JUBELIRER,** Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael McGinnis, : 
               Petitioner : 
               : 
           v. :    No. 155 C.D. 2017
               : 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

## O R D E R

**NOW**, September 11, 2017, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **REVERSED** to the extent it found the overpayment of benefits to Michael McGinnis (Claimant) was his fault and subject to recoupment under Section 804(a) of the Unemployment Compensation (UC) Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a). Benefits paid to Claimant for the weeks following his voluntary quit are a nonfault overpayment subject to recoupment under Section 804(b)(1) of the UC Law, 43 P.S. § 874(b)(1).

 

_____
**RENÉE COHN JUBELIRER,** Judge