Vivien Travor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*David L. Hill,* with him *Richard W. Shaffer,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, August 27, 1982:

Vivien Travor here appeals from an order of the Unemployment Compensation Board of Review denying her claim for benefits on the ground that her dismissal from an employment position with the Boys Club of Metropolitan Philadelphia was the result of her willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).

It is undisputed and the Board found that prior to her dismissal and during her probationary period of employment, the claimant was absent on five days in February, 1981, and on two days in March, 1981; that each of these absences was properly reported by the claimant by means of a telephone call to the employer; that each of these absences was caused by illness for which the claimant was under a doctor's

care; that the aggregate of these absences exceeded the amount of the claimant's accrued sick leave; and that the claimant was twice warned that in her supervisor's view she was too often unable to perform her duties due to illness and that additional absences would result in termination.

Of course, the propriety of the employer's decision to discharge the claimant is not here at issue. Considerations relevant to an inquiry into the propriety of the discharge are not controlling on the issue of whether the discharged employee is eligibile for unemployment compensation benefits and circumstances which constitute sufficient cause for a dismissal may nevertheless fail to constitute disqualifying willful misconduct. Specifically, ''[a]bsenteeism may justify the discharge of an employee but standing alone it is not willful misconduct rendering the employee ineligibile for unemployment compensation. Only if absences are unjustified, or not properly reported according to employer's rules or directives, are they disqualifying. Welded Tube Company of America v. Unemployment Compensation Board of Review, 43 Pa. Commonwealth Ct. 231, 401 A.2d 1383 (1979).'' *Pauline v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 267, 423 A.2d 55 (1980). Here the Board found that the claimant's absences were justified as due to illness and that they were properly reported.

Nevertheless, the Board affirmed a referee's denial of benefits on the basis of the following disputed factual finding:

13. On March 27, 1981, the claimant was discharged for excessive absences without proper certification.

The testimonial evidence indicated by the Board as lending support to the portion of this finding having

to do with the claimant's failure to submit proper certification for her absences was elicited by the referee's questioning of the claimant's supervisor and is as follows:

Referee: During the time that the leave was being taken for medical reasons, did the claimant submit any kind of medical certificate?

Supervisor: No, Ma'm, which I want to make note of. In our personnel practices if someone takes off for a period of 3 days, they are required to bring in a doctor's certificate which none was brought in. I also asked her about it and she told me the doctor did tell her nothing was wrong.

Referee: So you did request one of her?

Supervisor: Yes, Ma'm.

Referee: Was one received?

Supervisor: No, Ma'm.

The claimant concedes that she submitted no doctor's certificate prior to her dismissal although such certificates were introduced into evidence at the referee's hearing and are included in the record certified to this Court. Furthermore, the claimant does not contest that personnel rules governing her position include a requirement of the submission of a doctor's certificate as described by the supervisor. On this point, the claimant testified that she was unaware of such a rule undoubtedly because she "was required to read the Personnel Manual when I went to work at the Boys Club at the end of November. Frankly, I had forgotten."

The sole issue raised by the claimant on this appeal is whether there is substantial evidence to support the Board's finding that failure to submit a doctor's certificate was a reason for her dismissal. We

agree with the claimant's assertion of the insufficiency in this regard of the testimony above quoted, in which the supervisor "notes" that no certificate was submitted but does not state that this fact played any role in the termination decision. Moreover, in its Notice of Determination the Office of Employment Security described the reason for termination as "excessive absenteeism" without reference to certification and contained in the record is a three page letter to the Office of Employment Security, written by the claimant's supervisor, in which the reasons for and circumstances surrounding the termination are described in exhaustive detail with no mention of a failure to submit a physician's certificate. At the referee's hearing, the supervisor testified that the reasons for termination are set forth in this letter and were the claimant's absences on specified dates as well as her argumentative attitude; the latter constituting a subject otherwise unexplored at the hearing and unreflected in any finding of the Board.

In sum, it is clear that the claimant was dismissed because she was a probationary employee whose continuing ill health made her unsuitable to direct ongoing daily programs of the employer. Such a management decision is entirely proper. However, illness, even if it results in repeated absences creating great difficulties for the employer, is not disqualifying willful misconduct. There is no evidence in this record that the employer was motivated to terminate the claimant by any other failing on her part.

Order reversed.

ORDER

AND Now, this 27th day of August, 1982, the order of the Unemployment Compensation Board of Review denying benefits to Vivien Travor is reversed and the record is remanded for the computation of benefits.