374

Baudilio Garcia, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*David A. Scholl*, for petitioner.

*James K. Bradley*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, October 14, 1982:

Baudilio Garcia (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying him benefits on the grounds that he had been discharged because of willful misconduct.[1]

The record indicates that the claimant was discharged from his position as a truck helper/driver for the Bethlehem Steel Corp. (employer) in early December of 1979. He was subsequently reinstated by the employer after union intervention and he entered into an agreement with the employer wherein he was put on notice that any further acts of absenteeism or unfitness to work would result in his discharge.[2] On August 18, 1980, he failed to report to work and also failed to report such absence to his employer. He was then discharged.

Where, as here, the party with the burden of proof[3] has prevailed below, our scope of review is, of course, limited to questions of law and a determination as to whether or not the Board's findings are supported by substantial evidence. *Jula v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 353, 409 A.2d 953 (1980).

The claimant's major contention is that the Board's decision upholding the referee's denial is not supported by substantial evidence in that the bulk of

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] The agreement provided: "That any further incidents of absenteeism, being unfit for work, *failing to report off from work,* or being an undesirable employee will result in your immediate suspension with intent to discharge." and "That you are placed on probation for a period of two (2) years." (emphasis added).

[3] The burden of proof as to willful misconduct rests with the employer. *Lee v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 480, 426 A.2d 757 (1981).

the evidence was presented in the form of employer personnel records and are, as such, hearsay. The question of the applicability of the hearsay rule in unemployment cases has been answered by the guidelines set by this Court in *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). There we analyzed the prior case law on this topic and enunciated two clear-cut rules, the appropriate rule for this case being that, where the hearsay is admitted without objection, this evidence is to be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record. *Id.* Here it is clear that there is other competent evidence in the record, both from the testimony of the employer's representative and from the testimony of the claimant himself. Indeed, he has admitted in his Petition for Appeal to the Board of Review that he did not report off on the day in question. The Board's findings, therefore, are clearly supported by substantial evidence in the record.

Willful misconduct is not defined in the Law, but decisions of this Court have delineated its scope. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We have also held that failure of the claimant to report his absence, as required by the employer's rules is willful misconduct. *Donahue v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 139, 40 A.2d 251 (1979).

For all of the above-stated reasons,[4] the decision of the Board, denying benefits, is affirmed.

---

[4] Inasmuch as we have resolved this matter in the Board's favor on the willful misconduct issue, we need not address its argument concerning the applicability of the doctrine of res judicata.

ORDER

AND Now, this 14th day of October, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.