Eugene R. Moore, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Karen I. Jackson, Leonard M. Sagot Associates,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, November 9, 1984:

Claimant, Eugene R. Moore, Jr., appeals from a referee's decision, affirmed by the Unemployment Compensation Board of Review (Board), which declared Claimant ineligible for unemployment compensation benefits. The denial of benefits was based on Claimant's willful misconduct;[1] more specifically, Claimant's history of absenteeism.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), provides that a claimant shall be ineligible for unemployment compensation benefits if his dismissal resulted from his willful misconduct.

P. T. Components, Inc. (Employer) last employed Claimant as a stock selector.[2] Claimant had acquired a poor attendance record at work and during the course of his employment Claimant also developed a drug and alcohol problem which necessitated his entry into a rehabilitation program, offered as a service by his Employer. Before entering the rehabilitation program, Claimant was told that upon his return to work, his absenteeism problem could not continue, and if it did, Claimant would be terminated.

Claimant returned to work after completing the program but did not improve his attendance record. Claimant missed six days for personal reasons[3] and was out another six days without explaining his absence to his Employer. Shortly thereafter Claimant was discharged for his absenteeism.

This Court's scope of review where the party with the burden of proof has prevailed before the Board, is to determine whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence. *James v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 230, 429 A.2d 782 (1981).

Each of the factual findings made below is fully supported by the record, leaving only the question of whether or not Claimant's conduct rose to the level of willful misconduct. We believe that it did.

Following a history of attendance problems, Claimant was warned on more than one occasion that further absenteeism would result in his termination. Not only did Claimant extend his poor attendance record, but Claimant failed to report many of his sub-

---

[2] Apparently, "stock selector" refers to raw materials selection rather than corporate stock selection.

[3] Claimant's personal problems were in the nature of his wife undergoing a high-risk pregnancy which, at times, required his presence at home. N.T. p. 6.

sequent unexcused absences to his Employer. As we have said in the past, failure to report absences by itself, can properly be held to constitute willful misconduct, thereby rendering a claimant ineligible for benefits. *See Garcia v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 374, 376, 452 A.2d 71, 72 (1982). Therefore, we affirm the Board's decision.

ORDER

AND Now, November 9, 1984, the decision of the Unemployment Compensation Board of Review, B-213945, is affirmed.