525 A.2d 442

Walter J. Lacomis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Martin Knoblauch,* for petitioner.

*Jonathan Zorach,* with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 5, 1987:

Walter J. Lacomis (Petitioner) appeals an order of the Unemployment Compensation Board of Review (Board) denying him benefits pursuant to Section 402(e)

of the Pennsylvania Unemployment Compensation Law.[1] We affirm.

Petitioner was employed by Pomerantz & Company (Employer) as a warehouseman for five years. He last worked on February 11, 1985. On February 21, 1985, Employer discharged Petitioner for absenteeism and failure to report to work for a 48 hour period without notification to Employer. The Office of Employment Security determined that Petitioner was ineligible for benefits because his discharge was for willful misconduct. This determination was affirmed by the referee. Petitioner appealed to the Board, claiming his discharge "was against Union and Company Policy." He also requested a remand hearing in order to introduce new evidence.

The Board made the following pertinent findings of fact:

2. The employer's Labor Management Agreement provides in pertinent part that 'Employee is eligible for loss of seniority for not notifying the company within 48 hours of an absence.'

3. Article 6 of the Agreement further provides that the employer has a right to discipline employees including termination for chronic absenteeism.

4. The claimant was aware of the provisions of the Agreement.

5. Claimant while so employed during the period from January 1, 1984 through February 21, 1985 had a record of forty-four days of absenteeism and twenty-nine days of tardiness.

6. Claimant was given a written warning concerning his poor attendance record of June 7, and August 1, 1984.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

7. On August 17, 1984, the claimant was given a written warning concerning his poor attendance record and was suspended three days.

8. On December 17, 1984, the claimant was given a written warning concerning his poor attendance record and was suspended. five days and informed that any further incidences could be cause for his dismissal.

9. On January 24, 1985 the claimant was again given a written warning concerning his poor attendance record.

10. Claimant was absent from work from February 12 through February 18, 1985 due to illness with proper notification to his employer.

11. The claimant continued to be absent from work without proper notification to his employer from February 19, 1985 through February 21, 1985.

12. On February 21, 1985, the claimant was discharged for chronic absenteeism.

13. The claimant has not established good cause for his actions.

The Board concluded that Petitioner's conduct amounted to willful misconduct, affirmed the referee's decision and denied his remand hearing request. On appeal to this court,[2] Petitioner contends the Board (1) erred in concluding he was discharged for willful misconduct and (2) improperly denied his request for a remand hearing.

Whether Petitioner's conduct constituted willful misconduct is a question of law reviewable by this court. *Myers v. Unemployment Compensation Board of Re-*

---

[2] Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, constitutional rights were violated or errors of law committed. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

*view,* 88 Pa. Commonwealth Ct. 399, 490 A.2d 18 (1985). Willful misconduct is:

> [A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976) (quoting *Moyer Unemployment Compensation Case,* 177 Pa. Superior Ct. 72, 74, 110 A.2d 753, 754 (1955)). The conclusion that he was discharged for willful misconduct, Petitioner asserts, is in error because his failure to notify Employer of his absence within 48 hours, according to Employer's rule, does not constitute grounds for discharge.

Absenteeism alone does not constitute willful misconduct. *Travor v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 471, 449 A.2d 814 (1982). However, this Court has held that *chronic* absenteeism in combination with a *failure to report* absences does. *Moore v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 80, 483 A.2d 1062 (1984). The record contains substantial evidence to support the Board's findings as to Petitioner's chronic absenteeism and his failure to report off for 48 hours prior to his discharge. Therefore, the Board properly denied Petitioner benefits because his discharge was for willful misconduct.

As to Petitioner's assertion that the Board should have granted him a remand hearing we find no merit. Petitioner contends there are ambiguities and contradictions in the record which require further evidence to

·explain. Petitioner was present at the hearing before the referee and responded affirmatively to the referee's inquiry of whether he received notice of the hearing, of his right to counsel, to present witnesses and to cross-examine opposing parties.[3] Both Petitioner and Employer appeared without counsel. The evidence presented at the hearing provides substantial support for the Board's findings and these findings are adequate for a proper appellate review for errors of law. Petitioner had his opportunity; he is not entitled to a second chance. The denial of Petitioner's remand and hearing request was proper.

Accordingly, we affirm.

### ORDER

AND NOW, May 5, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

[3] Notes of Testimony at 3.