555 A.2d 299

Michael Wade, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 8, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Andrew J. Donaghy, Lord & Mulligan,* for petitioner.

*John E. Herzog,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 8, 1989:

Michael Wade appeals an order of the Unemployment Compensation Board of Review that affirmed a referee's decision denying him benefits pursuant to section 402(e) of the Law, the willful misconduct disqualification.[1]

Ellisco, Inc. employed Mr. Wade as a production worker from August 1978 until his discharge on October 2, 1987, for excessive unexcused absences. Effective January 1, 1987, Ellisco implemented an absenteeism policy

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

that set forth procedures to be followed for unexcused and excused absences that stated:

*Excused Absences* are those absences approved by Management and supported by evidence such as a physicians report, mandatory court appearances or other absences approved by Management at its discretion. While these absences are generally excused, Management reserves the right to consider such absences unexcused in the event an employee is chronically or excessively absent. Prior to disciplinary action being taken, such employees will be counseled in an effort to improve their attendance record.

*Unexcused Absences:* Employees will be permitted a maximum of three (3) days in a calendar quarter before disciplinary action is taken. . . . An employee absent for a full day will be charged for one full day. Absences of four (4) hours or less will be charged for one-half (1/2) day and over four (4) hours for one full day. . . .

The Disciplinary Action procedure is as follows:

Step 1—1st written warning

Step 2—2nd written warning

Step 3—3rd written warning and 3 workday suspension

Step 4—4th written warning and 5 workday suspension

Step 5—5th written warning and discharge

*Procedure Classification*

1. Steps in the absentee procedure may be accelerated if the total absence warrants. In no event, however, will a step be skipped if the total lost time is less than six (6) days in the quarter.

The Office of Employment Security determined that Mr. Wade was ineligible for benefits because his employer had terminated him for willful misconduct. After a hearing, the OES, and a referee denied benefits. On appeal, the board affirmed the referee and made the following significant findings:[2]

3. On April 15, 1987, claimant received his first warning for unexcused absences occurring in the first quarter of 1987 of work.

4. On July 21, 1987, claimant received his second warning for unexcused absences occurring in the second quarter of 1987. This warning was accelerated to the third step of the five-step system.

5. On October 2, 1987, claimant received his third warning for unexcused absences occurring in the third quarter of 1987. This warning was accelerated to the fifth step of the progressive system, and claimant was consequently discharged on this date.

The employer gave Mr. Wade his first written warning on April 15, 1987, as a result of his unexcused absences from work for four days in the first quarter of 1987. On July 21, 1987, because Mr. Wade's unexcused absences totalled more than six days in the second quarter of 1987, the employer accelerated the absentee procedure to step three, and Mr. Wade received a second written warning plus a three workday suspension. Mr. Wade's unexcused absences continued, and in the third quarter of 1987 he accumulated "6 or more" unexcused days, according to the employer's record. At that time,

---

[2] Our scope of review is limited to a determination of whether factual findings were supported by substantial evidence, or constitutional rights were violated or error of law was committed. *Lacomis v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 631, 525 A.2d 442 (1987).

the employer accelerated the absentee procedure to step five and discharged Mr. Wade in accordance with the progressive system of discipline.

Whether Mr. Wade's excessive absenteeism constituted willful misconduct is a question of law. *Lacomis*, 105 Pa. Commonwealth Ct. at 631, 525 A.2d at 442. Excessive absenteeism alone, when justified and properly reported, does not disqualify a claimant from receiving compensation, despite employer warnings. *Adept Corporation v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 566, 437 A.2d 109 (1981). However, chronic absenteeism coupled with a failure to report the absences is tantamount to willful misconduct. *Moore v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 80, 483 A.2d 1062 (1984).

Wade argues that the board failed to make a finding as to whether his employer counseled him consistent with the new absenteeism policy. Our review of the record reveals that *excused absences* were the only type that required counseling. Because Ellisco terminated the claimant for unexcused absences, the employer was not required to counsel Wade before taking any disciplinary action. Thus, Wade's contention that the board erred by failing to make a finding regarding counseling is inappropriate, because that provision of the contract is not applicable to his discharge and cannot be used to establish that the employer violated company policy in terminating him.

Next, Mr. Wade argues that the board erred by failing to make a finding as to whether his absences during the second quarter of 1987 were excused, and, even if the referee found that they were unexcused, that this finding was not based on substantial evidence. The board in its opinion found "credible the employer's testi-

mony that claimant's absences in the second quarter of 1987, were properly labeled unexcused absences". Even though a conflict in the testimony exists as to whether or not these absences were excused or unexcused, that credibility conflict was resolved in favor of the employer, and that determination is amply supported by substantial evidence. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). During the hearing, Mr. Wade presented evidence that he had a valid medical excuse for his absences during that particular quarter. However, the board dismissed claimant's contention that he had a valid medical excuse and relied instead on the opposing testimony in finding that the absences were unexcused.

Finally, Mr. Wade contends that the board committed an error of law in failing to apply *Brady v. Unemployment Compensation Board of Review*, 118 Pa. Commonwealth Ct. 68, 544 A.2d 1085 (1988). *Brady* is inapplicable. In that case, an employer failed to comply with its progressive disciplinary policy before terminating an employee. In this case, Ellisco followed the absenteeism policy before discharging the claimant. Therefore, neither the referee nor the board erred in not applying that precedent.

Having found no errors, we affirm.

### ORDER

NOW, March 8, 1989, the order of the Unemployment Compensation Board of Review at B-266359, dated June 8, 1988, is affirmed.