647 A.2d 675

**Richard A. SPRAGUE, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 1994.

Decided Aug. 29, 1994.

Vincent F. Presto, for petitioner.

Christina M. Tarantelli, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

NEWMAN, Judge.

Richard A. Sprague (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's denial of benefits to Norma G. Alba (Claimant). We affirm.

Claimant was employed as a laundry worker for approximately ten months when Employer terminated her employment due to excessive absenteeism. After her discharge, Claimant filed a claim for benefits that the Bureau of Unemployment Compensation Benefits and Allowances (Bureau) granted. The Bureau determined that Claimant was not ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] because Claimant's actions

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which provides that an employe shall be ineligible for compensation in any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

did not rise to the level of willful misconduct. Employer appealed to a referee who reversed. Claimant then appealed to the Board.

On August 11, 1993, Employer requested oral argument before the Board. The Board notified Employer by letter, dated August 20, 1993, that "[i]f oral argument is granted, you will be notified and it will be subsequently scheduled. If the request is not granted, you will, in due course, receive a copy of the Board's decision based on the established record." Original Record, Item No. 10. Claimant requested, and was granted, the opportunity to file a brief. Claimant filed her brief on September 16, 1993. Employer did not seek permission to file, nor did he file, a brief with the Board.

On October 8, 1993, the Board rendered a decision reversing the referee's denial of benefits to Claimant. Thereafter, Employer requested reconsideration on the basis that the Board rendered its decision without affording Employer an opportunity for oral argument and without considering Employer's brief. On October 21, 1993, the Board granted Employer's request, vacated its prior decision and order, and reopened the record.

After reconsideration of the entire record, including both parties' briefs, the Board rendered its second decision in the matter. That decision included the following pertinent findings of fact:

2. During the course of [her] employment, claimant performed her services in the private home of Mr. Sprague.

3. Claimant was hired to work Monday [sic], Wednesdays, and Fridays during the course of the week.

4. On Wednesday, March 3, 1993, Friday, March 19, 1993, Monday, April 19, 1993, Wednesday, April 28, 1993, and Monday, May 10, 1993, claimant called off from work due to illness.

5. Claimant called off from work on these five days because of dental problems and recurring back problems.

6. Employer at no time requested documentation of medical treatment or evaluation of claimant.

7. On several occasions, claimant offered to work the day after her absence to make up time lost.

8. Employer permitted claimant to make up time on at least two occasions.

9. Although Claimant was allowed to work other days during the course of the week to make up for the afore-stated absences, claimant was aware that the employer historically preferred that the laundry worker work the regularly scheduled days.

10. Employer did not warn claimant that continued absenteeism would result in termination.

11. Claimant intended to work the regularly scheduled hours on Monday, May 24, 1993, but was unable to work because of back pain.

12. On May 24, 1993, claimant did not report to work as scheduled, and claimant called off due to illness.

13. As a result, on May 24, 1993, claimant was discharged from this employment due to excessive absenteeism.

Board's Decision and Order of November 2, 1993.

Based on these findings, the Board held that Claimant was not disqualified from receiving benefits under Section 402(e) of the Law. The Board, finding Claimant's testimony to be credible and resolving evidentiary conflicts in her favor, held that absenteeism alone does not constitute willful misconduct rendering an employee ineligible for benefits. The Board explained that only absences that are unjustified or not prop-erly reported will be considered to be a disregard of the standards of behavior that an employer has a right to expect of an employee. In light of Claimant's uncontradicted testi-mony that her absences were due to illness, and Employer's failure to warn Claimant that her job was in jeopardy due to her absenteeism, the Board concluded that Claimant's absen-teeism did not rise to the level of willful misconduct. Employ-er filed the instant appeal.[2]

On appeal to this court, the issues presented are: (1) whether the Board denied Employer due process of the law

2. On December 17, 1993, Claimant intervened in this matter.

when it rendered its initial decision before he submitted his brief; (2) whether substantial evidence exists in the record to support the Board's finding that Employer did not warn Claimant that her continued absenteeism would result in termination, and the Board's finding that Claimant called off work on May 24, 1993 due to illness; and (3) whether the Board erred in concluding that Claimant's actions did not constitute willful misconduct as a matter of law.[3]

■ With respect to the first issue, Employer asserts that the Board violated his due process rights when it first considered and decided this case after Claimant filed her brief, but before the Board advised Employer of the disposition of his request for oral argument and before he filed a brief. In this regard, we note that Employer is correct that our court previously addressed this issue in *Sacks v. Unemployment Compensation Board of Review,* 59 Pa.Commonwealth Ct. 208, 429 A.2d 136 (1981).

In *Sacks,* we concluded that a claimant had been denied due process of the law when the Board issued its adjudication without notifying him that his request for oral argument had been denied and without allowing him time to file a written brief. As such, this court remanded the matter to the Board to permit the claimant to file a brief and to enable the Board to reconsider its decision in light of the claimant's written argument.

In the present appeal, we conclude that had the Board issued its initial decision without granting reconsideration, Employer's right to due process would have been violated. However, we note that after the Board reached its first decision without the benefit of Employer's brief, the Board vacated that decision, reopened the case and allowed Employer to submit a brief. Thereafter, upon consideration of *both* parties' briefs, the Board rendered its second decision in the matter.

3. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

It is Employer's position, however, that the Board, in reconsidering this case after Employer filed his brief, did not cure the due process violation. Specifically, Employer takes issue with the fact the case was reconsidered by the same Board members who previously considered the matter.[4] Employer also asserts that because the Board on reconsideration reached the same result as it did in its prior decision, the Board's ultimate conclusions are suspect.

Contrary to Employer's assertions, we do not believe that once the Board improperly considered and decided this case on Claimant's brief alone, a bias and predisposition were created in Claimant's favor. Moreover, the fact that the decision after reconsideration was made by the same Board members does not render that decision incurably defective.

We have reviewed the entire record in this case and have found nothing to indicate that the Board acted improperly in its reconsideration of this matter. Also, as noted by the Board's counsel, practical problems existed which prevented reconsideration by a panel comprised of different members. Section 203(a) of the Law provides for the appointment of only three members to the Board, and no action of the Board is valid without the concurrence of at least two members. 43 P.S. § 763(a). Since the death of Dale Groman during the summer of 1993, Chairman Simon and Member Bonner have comprised the entire panel of the Board.[5] As such, there were no other members from which an alternative panel could have been selected. Accordingly, we conclude that the Board did not violate Employer's due process rights.

With respect to the second issue, Employer challenges two of the Board's findings of fact. Specifically, Employer challenges whether substantial evidence exists in the record to support the Board's finding that Employer did not warn Claimant that her continued absenteeism would result in termination (finding of fact no. 10), and the Board's finding

4. Chairman Thomas Simon and Member Francis Bonner rendered both decisions.

5. Although the Governor has nominated Anthony J. May to fill the vacancy, the Senate has not yet confirmed the nomination.

that Claimant called off work on May 24, 1993 due to illness (finding of fact no. 12). This court has defined substantial evidence as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Mormak v. Unemployment Compensation Board of Review*, 135 Pa.Commonwealth Ct. 232, 579 A.2d 1383 (1990).

In support of his argument that the record does not contain substantial evidence to support the Board's finding that Employer did not warn Claimant, Employer cites the testimony of his house manager that he cautioned Claimant on May 10, 1993, that "I can't have this [referring to her continued absences]." Notes of Testimony of July 7, 1993 at 11. The law is well settled, however, that the Board is the ultimate fact finder in unemployment compensation cases. *Reice v. Unemployment Compensation Board of Review*, 134 Pa.Commonwealth Ct. 360, 578 A.2d 624 (1990). As such, it is within the Board's power to assess the credibility of the testimony presented and to resolve evidentiary conflicts. *Hercules, Inc. v. Unemployment Compensation Board of Review*, 146 Pa.Commonwealth Ct. 77, 604 A.2d 1159 (1992).

In the instant case, the Board found Claimant's testimony to be credible and resolved evidentiary conflicts in her favor. In resolving conflicts in testimony in Claimant's favor, the Board rejected the testimony of Employer's witness. As such, the testimony of Employer's house manager that he warned Claimant that her continued absenteeism would result in dismissal is of no moment. Moreover, our review of the record reveals that Claimant testified that she was not warned that her job was in jeopardy. N.T. at 16–17, 26. Accordingly, we conclude that substantial evidence exists to support the Board's finding.

Next, in urging this court to conclude that the record does not contain substantial evidence to support the Board's finding that Claimant called off work because of illness, Employer asserts that the Board erred in reversing the credibility determinations of the referee. Employer correctly acknowledges that the Board is the ultimate fact finder in unemploy-

ment compensation cases. However, relying upon *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982), Employer maintains that the Board erred in failing to provide an explanation for making credibility determinations contrary to those of the referee.

In response to Employer's argument, we note that this court expressly rejected the applicability of the *Treon* holding to cases, such as the one before us, where both sides presented evidence. *Carter v. Unemployment Compensation Board of Review,* 157 Pa.Commonwealth Ct. 133, 629 A.2d 212 (1993). Moreover, contrary to Employer's assertion, our review of the Board's decision reveals that the Board adequately explained why it made credibility determinations in Claimant's favor. Specifically, the Board noted:

> [t]he Referee dismissed claimant's testimony regarding her illness as 'self-serving' and not credible. The referee's decision as to claimant's credibility appears to be based on the theory that any person with a medical problem must inform his/her employer of the problem and of the possibility that an absence could occur at some unknown date in the future. Claimant worked for eight months prior to the first incidence of calling out sick. Through March 1993, claimant had established a perfect attendance record. To suggest that a claimant be required to give the employer notice of some future illness is unreasonable and unworkable, and cannot be required under the law. The Board cannot attribute a 'negative light' on claimant's credibility for this reason.

Board's Decision at 3–4. Accordingly, we conclude that Employer's argument lacks merit.

 Last, Employer asserts that the Board erred in concluding that Claimant's absenteeism did not constitute willful misconduct. Although the Law does not expressly define the term, this court has interpreted willful misconduct to include conduct that represents a wanton and willful disregard of an employer's interest, a deliberate violation of rules, a disregard of standards of behavior which the employer can rightfully expect from its employees, or negligence which

manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Metropolitan Edison Co. v. Unemployment Compensation Board of Review,* 146 Pa.Commonwealth Ct. 648, 606 A.2d 955 (1992). Whether a claimant's conduct rises to the level of willful misconduct is a question of law subject to our review. *Lee Hospital v. Unemployment Compensation Board of Review,* 139 Pa.Commonwealth Ct. 28, 589 A.2d 297 (1991).

In the present appeal, Employer asserts that the Board erroneously based its decision on his failure to prove a progressive discipline policy, a rule regarding absenteeism or the issuance of a warning to Claimant that she was subject to discharge if she failed to report to work. It is Employer's position that there is no such requirement in the law.

Contrary to Employer's assertions, however, the Board did not base its decision solely on Employer's failure to warn Claimant that her continued absenteeism would result in dismissal. The Board, in reaching its decision, explained, "In light of the uncontradicted testimony of claimant relating to her absences due to illness, *and* the employer's failure to warn claimant that her job was in jeopardy due to her absenteeism, the Board finds that claimant has established good cause for her absences...." Board's Decision at 3 (emphasis added). It is, therefore, clear that the Board based its decision, at least in part, on the fact that Claimant's absences were the result of illness.

█ In this regard, this court has held that excessive absenteeism, when justified and properly reported, does not disqualify a claimant from receiving compensation, despite repeated warnings. *Wade v. Unemployment Compensation Board of Review,* 124 Pa.Commonwealth Ct. 75, 555 A.2d 299 (1989). Moreover, illness is a good cause defense to a charge of willful misconduct due to excessive absenteeism. *McKeesport Hospital v. Unemployment Compensation Board of Review,* 155 Pa.Commonwealth Ct. 267, 625 A.2d 112 (1993).

In the case *sub judice*, the Board found that Claimant was absent from work six times. March 3, March 19, April 19, April 28, May 10 and May 24, 1993. The Board further found that each time that Claimant was absent, she properly reported her inability to work to her supervisor; and each time, the reason given by Claimant was illness. Because substantial evidence supports these findings and because illness constitutes good cause when properly reported, we conclude that the Board did not err in holding that Claimant's absenteeism did not constitute willful misconduct.

Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, August 29, 1994, we affirm the order of the Unemployment Compensation Board of Review.