# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Choi Ng,                                            :
                     Petitioner          :
                                             :
            v.                                   :   No. 2010 C.D. 2015
                                             :   SUBMITTED: March 18, 2016
Unemployment Compensation             :
Board of Review,                                   :
                     Respondent          :


**BEFORE:**    **HONORABLE P. KEVIN BROBSON,** Judge
                   **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                   **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                   **FILED: May 13, 2016**


Claimant, Choi Ng, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision finding her ineligible for unemployment compensation benefits because her actions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[2] Noting that Employer, Sands Bethworks Gaming, LLC, could have intervened as of right had it acted promptly, the Court entered an order permitting Employer to proceed as an intervenor aligned with the Board as respondent.  Subsequently, noting the adequacy of Employer's brief, the Board indicated that it would not be filing a brief.

From June 2012 to June 2015, Claimant worked as a full-time table games dealer for Employer, Sands Bethworks Gaming, LLC, at a final rate of pay of $5.68 per hour, plus tips. Referee's August 12, 2015, Decision, Finding of Fact (F.F.) No. 1. Employer has a progressive attendance policy whereby it assesses points for various violations and terminates an employee's employment when he or she accrues a total of ten points. When an employee reaches three, four and six points, it administers progressive discipline short of discharge. At eight points, Employer issues a "Career Decision Day" to the employee, who is suspended without pay for one day and must submit a commitment letter indicating his or her willingness to change the performance issue. *Id.*, No. 2. Claimant was aware of Employer's attendance policy, which Employer reviewed at the time of her hire. *Id.*, No. 3.

When Claimant accrued three points in June 2014, Employer provided her with what it termed "Coaching and Counseling" for unsatisfactory attendance. *Id.*, No. 4. Subsequently, Claimant accrued four points in August 2014 and seven points in October 2014, both for unsatisfactory attendance and both warranting Employer's issuance of performance improvement plans. *Id.*, Nos. 5 and 6. After Claimant accrued 7.5 points for unsatisfactory attendance in April 2015, Employer provided her with a third performance improvement plan. *Id.*, No. 7. When she accrued 8.5 points in June 2015, Employer issued her a Career Decision Day due to unsatisfactory performance, and it warned her that her job was in jeopardy. *Id.*, Nos. 8 and 9. The three-point accrual leading to the termination of her employment occurred approximately two weeks later when Claimant "report[ed] to work more than 30 minutes after shift without notifying a supervisor in advance of tardiness, bringing her total to 11.5 points." *Id.*, No. 14. Having misread her

schedule on Employer's virtual scheduling system and, therefore, operating under the mistaken belief that her start time was 9 p.m., Claimant arrived to work forty-five minutes late at 8:45 p.m. *Id*., Nos. 11-13. Accordingly, with the accrual of 11.5 points for unexcused absences and tardiness, "Employer discharged the Claimant for violating its attendance policy due to excessive attendance related issues." *Id*., No. 15. Claimant subsequently applied for unemployment compensation benefits, and the UC Service Center found her to be eligible.

On appeal, both Employer and Claimant appeared and presented evidence. Employer presented one witness and was represented by counsel. Claimant, who appeared *pro se*, nonetheless requested and received assistance from a certified interpreter who spoke Cantonese. After the hearing, the referee reversed the UC Service Center's determination, concluding that Employer established that it discharged Claimant from employment for actions that constituted willful misconduct. The referee also rejected Claimant's attempt to show good cause for her conduct, noting that she "gave vague and conflicting testimony regarding her absences from work, indicating that some of [them] were due to high blood pressure and high cholesterol." Referee's August 12, 2015, Decision at 2. Regarding those pre-termination absences, the referee found as follows: "As the Claimant progressed through the various steps of progressive discipline, she did not offer the Employer any explanations for her absences." F.F. No. 16. Further, regarding the tardiness that led to her discharge from employment, the referee observed that, even knowing that her job was in jeopardy for attendance-related issues, Claimant admitted to misreading her work schedule. The Board affirmed, adopting and incorporating all but one of the referee's

3

findings and conclusions.[3] In addition, it rejected the following: 1) Claimant's assertions that she had experienced problems communicating with her interpreter, noting that she did not make any such complaint at the hearing; and 2) Claimant's attempt to provide medical documentation that was not included in the record. Claimant's timely petition for review followed.[4]

Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which [her] unemployment is due to [her] discharge or temporary suspension from work for willful misconduct connected with [her] work . . . ." 43 P.S. § 802(e). The term "willful misconduct" has been defined to include (1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of rules; (3) the disregard of standards of behavior that an employer can rightfully expect of its employee; or (4) negligence that manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008). The employer bears the initial burden of proving that a claimant engaged in willful misconduct and, if the willful misconduct charge is based upon a violation of a work rule, the employer must prove the existence of the rule, its reasonableness, and that the employee was aware of the rule. *Brown v. Unemployment Comp. Bd. of Review*, 49 A.3d 933,

---

[3] Contrary to the referee's finding that Claimant received her work schedule two weeks before the tardiness that triggered her dismissal, the Board accepted Claimant's testimony that she received it only one week in advance. The length of this time period, however, is not at issue.

[4] Whether a claimant's actions constitute willful misconduct is a question of law over which we exercise plenary review. *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1162 (Pa. Cmwlth. 2012).

4

937 (Pa. Cmwlth. 2012). Once an employer satisfies its *prima facie* case, the burden shifts to the claimant to demonstrate that the rule was unreasonable or that she had good cause for her conduct. *Id*. The claimant has good cause if her action "is justifiable or reasonable under the circumstances[.]" *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631, 634 (Pa. 1976).

Claimant contends that the Board erred in concluding that her actions constituted willful misconduct, alleging that the approximately thirteen call-offs leading to her dismissal were not excessive, that she followed the proper protocol when reporting off from work and that she established good cause for her absences. *See Wade v. Unemployment Comp. Bd. of Review*, 555 A.2d 299, 301 (Pa. Cmwlth. 1989) (holding that, notwithstanding employer warnings, excessive absenteeism, in and of itself, when justified and properly reported, does not disqualify a claimant from receiving compensation). Further, although she acknowledges that she did not contemporaneously inform Employer of the reasons for her absences,[5] she alleges that she provided a valid explanation for them at the hearing *via* her consistent testimony that she occasionally needed to be off work due to health-related issues. Accordingly, she maintains that Employer failed to establish willful misconduct and that, even if it met its burden, she established a good cause defense *via* her testimony. *See Sprague v. Unemployment Comp. Bd. of Review*, 647 A.2d 675, 680 (Pa. Cmwlth. 1994) (holding that illness is a good cause defense to alleged willful misconduct due to excessive absenteeism). Claimant's position is without merit.

---

[5] Claimant admitted that she failed to provide Employer with an explanation for her previous absences at the requisite intervals during the progressive disciplinary process. Notes of Testimony (N.T.), Hearing of August 12, 2015, at 11; Reproduced Record (R.R.) at 19a.

5

In *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 113 (Pa. Cmwlth. 2015), we held that the relevant factors to consider in determining whether absenteeism rises to the level of willful misconduct include failure to notify the employer in advance of the absence, the excessive nature of the absences, lack of good or adequate cause for the absences and disregard of warnings regarding absenteeism. To clarify, Employer did not terminate Claimant's employment for failure to comply with its call-off procedure. It dismissed her pursuant to its attendance policy once she accrued 11.5 points for unexcused absences and tardiness. In that regard, contrary to Claimant's representation, the Board found her testimony regarding the reasons for her absences to be vague and conflicting. It also rejected her attempt to justify her absences for health-related reasons with a post-hearing proffer of medical documentation that was not of record.[6] As the Board determined: (1) Employer warned Claimant that her job was in jeopardy and that additional attendance-related violations could lead to her dismissal; and (2) she had multiple, unexplained attendance violations in the past as well. Board's September 18, 2015, Decision at 1.

Moreover, regarding the June 2015 tardiness that triggered her dismissal, Claimant admitted that she had been using Employer's virtual roster scheduling system since November 2012. In weighing her testimony, the Board determined that one week's notice was sufficient for Claimant to realize when her shift began, especially in light of the fact that she was aware that her job was in

---

[6] Item 11 of the certified record includes a post-hearing e-mail purportedly from Claimant's daughter. There is no indication that the proffered health-related evidence that the daughter references in the e-mail would have been unavailable at the time of the hearing.

jeopardy and that additional points could lead to her discharge from employment. Credibility and evidentiary weight are determined by the Board, and its findings of fact are conclusive on appeal when the record, in its entirety, contains substantial evidence supporting those findings. *Oliver v. Unemployment Comp. Bd. of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010).

In conclusion, Employer established that its attendance policy was reasonable, that Claimant was aware of the policy and that she accrued the requisite number of points for termination. As this Court has held: "A conclusion that the employee has engaged in disqualifying willful misconduct is especially warranted in . . . cases where . . . the employee has been warned and/or reprimanded for prior similar conduct." *Ellis v. Unemployment Comp. Bd. of Review*, 59 A.3d 1159, 1163 (Pa. Cmwlth. 2013) (citation omitted). In addition, solely on the tardiness issue, we have not required a specific attendance rule to be in place where an employee fails to report for work on time. In that regard, we have stated: "It is well settled that an employer has the right to expect that its employees will attend work when they are scheduled and that they will be on time[.]" *Id*. (citation omitted). Finally, the Board rejected Claimant's attempt to establish that there was good cause for any of her unexcused absences.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Choi Ng,                                          :
                              Petitioner           :
                                                   :
              v.                                   :    No. 2010 C.D. 2015
                                                   :
Unemployment Compensation                          :
Board of Review,                                   :
                              Respondent           :

**O R D E R**

AND NOW, this 13th day of May, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge